## S. E. WADE et ux. v. EDWARDS et al.
### No. 14109.

Court of Civil Appeals of Texas. Dallas.
July 8, 1949.

Rehearing Denied Sept. 16, 1949.

Ruth Felton Muir and Jerome Chamberlain, both of Dallas, for appellants.

Andress & Ramsey, of Dallas, for appellees.

YOUNG, Justice.

This is an appeal from a temporary mandatory injunction. It appears that in April 1948, appellants sold to appellee Varina Hawkins Derrick, a widow, a house and lot located at 4000 Bowser Avenue for the sum of $23,500, payable $3,500 cash, and two notes, a first lien for $14,000 payable to Acacia Mutual Life Insurance Company, the proceeds of which were to be delivered to appellants; and a second lien for $6,000 payable to Jewell Wade, appellant. In paying the proceeds of the $14,000 note, Acacia retained $2,000 under a written memorandum, until appellee Varina Hawkins Derrick made certain repairs.

After a controversy arose between the parties to this action, appellants filed suit August 2, 1948 for debt and foreclosure, based on the balance due on the $6,000 second lien note and the alleged failure of appellee to make the repairs necessary to release the $2,000 held by Acacia to the appellant Jewell Wade. Appellees, Mrs. J. C. Edwards, nee Varina Hawkins Derrick, and her husband, J. C. Edwards, filed an amended answer December 23, 1948, seeking affirmatively a rescission of the original sale as well as other relief.

On March 22, 1949 appellees filed motion for an injunction, in substance setting up that at the inception of the suit they were in possession of the property involved; that about March 16, 1949, because of the pregnancy of Varina Edwards, they temporarily vacated one of the apartments in the house involved and went to her mother's in Fort Worth; that, at the same time, they had rented the apartment to another family, and such other family was to occupy the space by moving in the next day; that before the other family moved in, appellants forcibly entered such apartment and at time of the filing of the motion were occupying same, threatening appellees, etc.; and prayed for a mandatory injunction to vacate the premises and restore the status quo; and for injunction against re-entry pending final hearing.

Prior to the instant suit, defendants had acquired actual possession of the property in controversy by purchase from Wade. This constituted the status quo, as between the parties, which appellants appear to have disturbed during the litigation and which the trial court has merely seen fit to restore pending final disposition of the cause. In the ruling made, though mandatory in effect, requiring such status to be preserved pendente lite we find no abuse of discretion on part of the district court. The judgment under review is therefore in all things affirmed.